UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**JOHN DERRICK BAPTISTE**     **CASE NO. 6:19-CV-00488 SEC P**

**VERSUS**     **JUDGE SUMMERHAYS**

**BRANDON DECOU, ET AL**     **MAGISTRATE JUDGE HANNA**

## REPORT AND RECOMMENDATION

Pro se plaintiff, John Derrick Baptiste ("Baptiste"), proceeding *in forma pauperis,* filed the instant complaint on April 16, 2019, pursuant to 42 U.S.C. §1983. He was granted leave to proceed in forma pauperis on May 8, 2019. [Rec. Doc. 8] Baptiste names numerous defendants in this complaint: Brandon Decou, Charles Langlinais, Mike Neaslru, Mark Grober, Noikeneus Yorum, Karn Barbara, Tony Morrow, Kathleen Blanco, Mike Harson, Keith Stutes, Tyler Medical Health, Federal Bureau of Investigation, Dept. of Corrections, BPD, UMC, SSO, Internal Revenue Service, Media 10 News, 3 News, Judges 15th Judicial Court House. He is currently incarcerated at the Lafayette Parish Correctional Center on unknown charges. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

## Background

Plaintiff's claims begin in 1997 when, as a thirteen (13) year old inmate at the Bridge City LTI, he was pulled off the bunk by another inmate and hit his head. He contends that a General from the Army told a female nurse to staple his head closed. [Rec. Doc. 1, p. 5] He alleges that his "head had a hole in it but they left it open to make money." *Id*.

In 1999 or 2000, he went to UMC Hospital to complain about his head and he was given pills and told nothing was wrong. *Id*.

In 2004, while working for the City of Broussard, he was struck with a street sign and told to "leave them girls alone on Hulin St." *Id*. He claims that while he had a hard time registering what happened, and had amnesia, the FBI was trying to kill him because of "what happened in 1997." *Id*. Knowing he could sue for millions of dollars, the local police and government "created a conspiracy" and began corrupting his family and making allegations that Baptiste committed rape. *Id*.

In 2005, still suffering on the right side of his head and body, he was arrested for breaking street signs. *Id*. He tried to press charges, but his statement was thrown in the trash. He also sent civil statement forms to the Department of Justice in Washington, D.C. *Id*. He contends that the Broussard Police Department wanted him to go to Tony Morrow's office where he was asked to sign some papers. Later,

2

when he went to court, he was asked to go into a back room with Brandon Decou, Broussard Chief of Police, and Tony Morrow where there was cash stacked up. *Id.* He pled no contest and left "puzzled and confused." *Id.* at p. 6. He was followed by Tony Morrow and an unknown male and female who told him he "better shut up." *Id.*

Plaintiff alleges that "Broussard" and "Lafayette" have "created a conspiracy to take my money for my head and hit me in the head trying to kill me with the help of Brandon Decou, former Mayor Langlinais, FBI, Broussard City Couicl (sic) mebers (sic) and corrupt citizen's kid's with the IRS and Dept. of Justises (sic) protecting and cover up what they did to look clean. Making me look like a thug or gnagster send a gay or homosexuila (sic) boys that they slept with to intister (sic) me and run girls are (sic) try to run girls off and make me feel unconftedable (sic) like I was a rappiest (sic). They stalk me sents (sic) 1997 waiting to kill me for money with the school board, and Boys and Girls Villge (sic), Media Channel 10 News, 3 News and more." *Id.* He complains that the hole in his head affects him in cold and hot weather and states that he is in slavery due to his civil rights being violated. *Id.*

## Law and Analysis

### A. *Frivolity Review*

Baptiste has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2),

which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. Section 1983

Federal law provides a cause of action against any person who, under the color of law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, in order to hold the defendants liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was

4

committed by a person acting under color of state law; that is, that the defendant was a state actor. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### *C. Prescription*

Plaintiff's allegations occur between 1997 and 2005 and are, therefore, prescribed. The Supreme Court has held that the statute of limitations for a §1983 action is the same as the general statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-280 (1984). However, the date of accrual for a §1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986). "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516, quoting *Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981). A plaintiff need not realize that a legal cause of action exists but only that the facts support a claim. *See Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983).

The Fifth Circuit has approved application of Louisiana's one-year personal injury statute of limitations provided by La. Civ.Code art 3492 in a §1983 action. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980). Plaintiff's complaint was filed in 2019, 22 years after the first head injury and 14 years after the last incident

complained of, the 2005 guilty plea. All claims occurred clearly beyond the 1-year period of limitations. Therefore, these claims are subject to being dismissed as prescribed.

Should plaintiff intend to argue that the conspiracy claims have not prescribed because the conspiracy is ongoing, the Fifth Circuit has spoken on that issue. In the context of a conspiracy claim under Section 1983, "the actionable civil injury to a plaintiff results from the overt acts of the defendants, not from the mere continuation of a conspiracy." *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir. 1987). The Fifth Circuit has found that "[c]haracterizing Defendants' separate wrongful acts as having been committed in furtherance of a conspiracy . . . does not postpone the accrual of claims based on individual wrongful acts . . . . To permit [a plaintiff] to wait and toll the running of the statute simply by asserting that a series of separate wrongs were committed pursuant to a conspiracy would enable him to defeat the purpose of the time-bar, which is to preclude the resuscitation of stale claims." *Id*. "[A]ny cause of action against the defendants accrued as soon as plaintiff knew or should have known of the overt acts involved in the alleged conspiracy." *Id*.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED WITH PREJUDICE** as prescribed.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE in Chambers on this 3rd day of June, 2019.

                                                **Patrick J. Hanna**
                                    **United States Magistrate Judge**